In re LANSLEY.

(District Court, E. D. New York. March 24, 1926.)

No. 12176.

1. Bankruptcy ⬅417(2)—In absence of fraud, statement in bankrupt's petition for discharge that he had turned over all property, when in fact he had not done so, held not to warrant vacation of decree, where creditors had knowledge of facts before discharge was granted.

The fact that bankrupt's petition for discharge stated that he had turned over all his property to his trustee, whereas by subsequent decree of a state court he was required to convey additional property, which he did prior to his discharge, in the absence of fraud, does not warrant vacation of the order of discharge on petition of creditors who had knowledge of the facts before it was granted.

2. Bankruptcy ⬅417(2)—Discharge will not be revoked, where creditors had full knowledge of fraud when discharge was granted.

A discharge will not be revoked on petition of creditors who had full knowledge of the fraud alleged as the ground of revocation at the time the discharge was granted.

3. Bankruptcy ⬅417(2)—Failure of creditors to receive notice duly mailed held not ground for revocation of discharge.

Failure of creditors to receive notice of petition for discharge, duly mailed by the clerk, is not ground for vacation of the order of discharge.

In Bankruptcy. In the matter of William J. Lansley, bankrupt. On motion to vacate order of discharge. Denied.

Saul S. Myers, of New York City, for trustee.

Lee, Donnelly & Curren, of New York City, for bankrupt.

MOSCOWITZ, District Judge. This is a motion to vacate an order dated June 15, 1925, extending to July 15, 1925, bankrupt's time in which to file his application for a discharge, also vacating the order of discharge made on August 28, 1925, and for a denial of the discharge in bankruptcy.

[1] William Lansley was adjudged a bankrupt on May 15, 1924. On June 15, 1925, an order was made extending the bankrupt's time to apply for a discharge until July 15, 1925. On July 14, 1925, an order was made directing that the bankrupt's application for discharge be published in a designated newspaper, and that a notice be mailed to all creditors, and that the date of hearing of such application be set for August 28, 1925. On July 18, 1925, by decree of the Chancery Court of the state of New Jersey, the bankrupt was directed to execute a bargain and sale deed and deliver the same to the trustee in bankruptcy. This decree was complied with by the bankrupt on August 12, 1925. On August 28, 1925, the bankrupt was duly discharged. The petitioners had full knowledge of the facts alleged in the petition herein prior to the discharge. After waiting five months, they now make this application to vacate the discharge. The property was turned over to the trustee before the bankrupt secured his discharge. The mere fact that the petition in effect stated that the bankrupt had turned over all his assets does not in itself constitute grounds for denying the discharge unless it was made knowingly and fraudulently. Pursuant to the Bankruptcy Act (Comp. St. §§ 9585–9656) the discharge could be revoked if it were ob-

tained through fraud and knowledge of such fraud had come to the creditor since the granting of the discharge. There is no evidence before me that the bankrupt was guilty of any fraud.

[2, 3] The petitioners admit that they had full knowledge of the alleged fraud prior to the time the bankrupt made application for his discharge. The law is settled that a discharge will not be revoked if the parties seeking that relief had knowledge of the fraud at the time the discharge was granted. The clerk of the court certified that he mailed the notices for the application for discharge, and, further, that it was duly published in the designated newspaper. Mailing of the notices by the clerk complied with the law, and the failure of the creditors to receive the notices would not constitute a ground to vacate the order of discharge. The petitioners are guilty of laches. The petitioners have not shown that, if the discharge were vacated, there would be any legal reason to deny the discharge.

Motion denied. Settle order on notice.